**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4355**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOSE FRANCISCO JIMENEZ PINA, a/k/a Jose Jimenez Mancilla,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00049-RLV-DCK-2)

---

Submitted: March 11, 2015        Decided: March 26, 2015

---

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Francisco Jimenez Pina pleaded guilty, pursuant to a written plea agreement, to (i) conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and (ii) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Pina to the mandatory-minimum 120 months' imprisonment for the conspiracy, followed by a consecutive 60 months for the firearm conviction, for a total sentence of 180 months' imprisonment. On appeal, Pina's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether (1) the district court properly applied a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing methamphetamine and (2) Pina's sentence should be remanded to the district court for application of Amendment 782 to the Sentencing Guidelines. Pina has filed a pro se supplemental brief, arguing that he was coerced into pleading guilty and that his sentence is substantively unreasonable. We affirm.

In accordance with Anders, we have reviewed the record in this case, and have found no meritorious issues. Before

2

accepting Pina's guilty pleas, the magistrate judge conducted a thorough plea colloquy, substantially satisfying the requirements of Rule 11 of the Federal Rules of Criminal Procedure and ensuring that Pina's plea was knowing, voluntary, and supported by an independent factual basis.

Counsel questions whether the district court properly applied a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing methamphetamine. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) factors, and inadequate explanation of the sentence imposed. Id. at 51. Because Pina failed to raise this issue below, we review for plain error only. United States v. Slade, 631 F.3d 185, 189-90 (4th Cir. 2011).

"If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase [the offense level] by 2 levels." U.S.S.G. § 2D1.1(b)(12) (2012). "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." Id. § 2D1.1 cmt. n.17.

3

We conclude that Pina has not demonstrated any error affecting his substantial rights. "To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred." United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010). The district court here departed below the Guidelines to the statutory mandatory minimum sentence, the lowest sentence it could impose. Thus, we ascertain no plain error in the district court's calculation of the Guidelines range that affected Pina's substantial rights.

If a sentence is procedurally reasonable, we then consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). After careful review of the record, we conclude that Pina has failed to rebut the presumed reasonableness of his below-Guidelines sentence.

Finally, counsel questions whether Pina's sentence should be remanded to the district court to allow the court to apply Amendment 782 to the Guidelines. There is no authority for

4

counsel's suggestion, and we decline to vacate Pina's sentence on this basis.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Pina, in writing, of the right to petition the Supreme Court of the United States for further review. If Pina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pina.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>